## CLARA B. BOWMAN v. THE STATE.

### No. 3039. Decided March 4, 1914.

#### 1.—Keeping Disorderly House—Charge of Court—Variance.

Where defendant was charged with keeping a disorderly house as owner of said house and that she kept it for purposes of prostitution, and the court's charge authorized a conviction if she was concerned in keeping or did knowingly permit to be kept said house, which was not charged in the indictment, the same was reversible error.

#### 2.—Same—Charge of Court—Prostitutes.

Where, upon trial of keeping a disorderly house, there was no evidence that the women seen in the house were prostitutes and that they were plying their vocation therein, a requested charge that the jury must so believe before they could convict defendant should have been given.

**3.—Same—Evidence—Record Best Evidence—Parol Proof.**

Where, upon trial of keeping a disorderly house, a written statement of the defendant which she made before the grand jury was introduced in evidence, showing that defendant had been fined for vagrancy, and there was no showing made by the State by introducing the proper record to show under what section of the vagrancy statute the defendant was convicted, said testimony was inadmissible.

**4.—Same—Allusion to Defendant's Failure to Testify—Misconduct of Jury.**

Where the judgment is reversed and the cause remanded on other grounds, the misconduct of the jury in discussing defendant's failure to testify need not be considered.

Appeal from the County Court of Nolan. Tried below before the Hon. John H. Cochran.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Woodruff, Christian & Woodruff,* for appellant.—On question of parol proof of defendant's plea of guilty: Kuehn v. State, 69 S. W. Rep., 526; Baldwin v. State, 39 Texas Crim. Rep., 245; Carden v. State, 62 Texas Crim. Rep., 545, 138 S. W. Rep., 598.

On question of court's failure to give requested charge: Reynolds v. State, 8 Texas Crim. App., 412; Greta v. State, 9 id., 429; Hitchins v. State, 65 Texas Crim. Rep., 279, 143 S. W. Rep., 1164.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for keeping a disorderly house. The indictment charges she was the owner of a certain house then and there situated in said county, which said house she, the said Clara B. Bowman, did then and there unlawfully keep as a house for purposes of prostitution and where prostitutes were permitted to resort and reside for the purpose of plying their vocation. The State introduced a written statement made by appellant before the grand jury. The statement recites the fact that she was warned that any statement she might make could be used against her. She stated, in substance, that she had bought what was known as the Kate Morse property and owned it. Coming down to the facts, she stated that she lived in Sweetwater and had been doing her own work, and the first girl she had after coming to Sweetwater was named Ethyl; the remainder of her name was unknown. That she assisted her with her work and for which she paid her one dollar per day; she stayed about three weeks; then she had another girl whose name she did not know otherwise than they called her Bee. And another girl subsequently named May, who remained with her three weeks. Then she had another girl who stayed about two days. Those are all the girls mentioned as having been at her house. They seemed to have been there at different times. She says men had been

at her house, but they never informed her for what they came, but that they had taken the girls to their rooms. She did not know for what purpose they went to the rooms. That she had paid two fines for being a "vag"; did not know what part of the "vag" statute under which she was charged. She did not fight the complaints because she had no money to waste. She says "the officers have never mentioned anything to me. Have never warned me against keeping lewd women about my house in Sweetwater. They have never named women to me." Johnson testified he was city marshal at Sweetwater and knew the reputation of the house mentioned, and that the reputation was there were whores who stayed there. He also testified to appellant pleading guilty to charges of vagrancy. Beall testified the general reputation of the house was that of a bawdy house, and that the general reputation of the women who were there were prostitutes, but he knew nothing of it of his own knowledge, and did not know there was ever a lewd woman in the house during the time defendant had been living at the house, and did not know whether there had ever been an act of prostitution in the house occupied by defendant. All he knew about it was what he had heard. Johnson also testified that he had been in the house two or three times, but had never seen any men there at any time when he was there, and of his own knowledge he knew of no act of intercourse ever having taken place in defendant's house. This is the substance of the testimony.

The court charged the jury if they should find from the evidence beyond a reasonable doubt, etc., that Clara B. Bowman in the County of Nolan and State of Texas was the owner of a house, and did keep, was concerned in keeping, or did knowingly permit to be kept, such house as a house of prostitution, or as a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation, they should find the defendant guilty. It is contended that this charge is error in that it authorized the conviction of the defendant on matters not set up in the indictment. The indictment, as before stated, charged that appellant was the owner of the house and kept it for the purpose of prostitution. The charge authorized a conviction as owner and as keeping the house; also as being concerned in keeping or knowingly permitting it to be kept. That part of the charge which authorized a conviction, which read as follows: "was concerned in keeping or did knowingly permit to be kept" is not charged in the indictment, and authorized the conviction of appellant on the basis of averments not set forth in the indictment. Upon another trial the charge should be in conformity to allegations in the indictment. Appellant could not be convicted under this indictment for being concerned in keeping the house or permitting it to be run as a bawdy house. She was charged with being the owner and keeper, and as such she must be convicted, if at all.

Appellant asked this charge, which was refused and error is assigned: "Unless you believe from the evidence in this case that the inmates of defendant's house on or about the 9th day of August, 1913, were prostitutes and were residing in said house or resorting to said house for the

purpose of plying the vocation of a prostitute you will find the defendant not guilty." We are of the opinion, under the facts already stated, this charge ought to have been given. No witness swore the women who were there were prostitutes. The nearest approach to it was defendant's statement, taken before the grand jury, that she had seen men go to the rooms with the women. No one shows that these were prostitutes, as a matter of fact, or that they committed any act of prostitution. If the jury was authorized to find such to be the case, it was from the written statement of the appellant that she had known these women to go to the rooms with men. It was necessary for the State to show that these were prostitutes plying their vocation in that house, or resorting to it for that purpose, otherwise the jury should have acquitted.

Another bill of exceptions recites that the State introduced the following testimony, towit: A statement made by the defendant, Clara B. Bowman, in the grand jury room, while the grand jury was investigating the facts relative to this case, which statement is as follows. "I have paid two fines for being 'vag.' I don't know what part of the 'vag' statute I plead guilty on. I have paid two 'vag' fines in Sweetwater." Objection was urged that this testimony was irrelevant and immaterial to any issue in the case, and was highly prejudicial to the rights of defendant, and because it was not the best evidence. If appellant had plead guilty to a charge of vagrancy, the court papers and dockets should be used to show that fact; and further, the duty was upon the State to first show under what section of the vagrancy statute, if this was what was intended the defendant had been charged, and had plead guilty, before such plea, if admissible at all, could have been admissible in this case. The court overruled the objection, and the testimony went before the jury. We think this was error. It was not and could not have been admitted for the purpose of impeaching the defendant's testimony, because it was her written statement, and known to the State, and it could not be used as original testimony, unless she had plead guilty under this phase of the vagrancy statute. This testimony should not have been permitted to go to the jury.

There is a bill of exceptions and some testimony to the effect that the jury discussed the fact that the defendant did not testify in the case. This will not arise upon another trial, and it is unnecessary to discuss it.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*