## Annie Lacey v. The State.

No. 4925.   Decided February 27, 1918.

**1.—Keeping Disorderly House—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house, the evidence was sufficient to support the conviction, there was no reversible error. Distinguishing Bowman v. State, 73 Texas Crim. Rep., 194.

**2.—Same—Charge of Court—Requested Charge.**

Where, upon trial of knowingly keeping a disorderly house, the evidence raised the issue that the defendant knowingly kept or was concerned in keeping said disorderly house, the court correctly submitted this issue to the jury, and refused a requested charge asking a peremptory acquittal.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of knowingly keeping a disorderly house; penalty, a fine of two hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of keeping a disorderly house, her punishment being assessed at a fine of $200.

She seems to rely upon Bowman v. State, 73 Texas Crim. Rep., 194, for her proposition that the evidence does not support the conviction. We are of opinion that the facts of the two cases are not analogous. The State shows the resort by prostitutes to the house of appellant on different occasions, and that men would resort there, a number of these being soldiers. It is also shown that a naked man and a naked woman were seen in the house together, and other circumstances of that character showing that women who resorted there were anything but chaste, and engaged in conduct that indicates this was a disorderly house, and that appellant knew of the acts and conduct of at least some of these parties. We are, therefore, of opinion the court did not err in giving the charge of which complaint is made in bill of exceptions No. 1. The charge complained of submitted to the jury the question of conviction if they should find appellant kept or was concerned in keeping, or know-

ingly permitted to be kept, a house at Nos. 103 and 109 Lakeview Avenue, in the city of San Antonio, for prostitution, or where prostitutes were permitted to resort and reside for the purpose of plying their vocation. We are of opinion that the evidence justified the court submitting this issue. Nor do we think the exception reserved to the court's failure to charge an acquittal under the facts stated is well taken. Appellant introduced evidence to the effect that the house was not disorderly, and that she knew nothing of the disorderly conduct of those who resorted there. If the jury had believed her testimony they should have acquitted, but with the testimony for the State in the record we are of opinion the court did not err in refusing to charge an acquittal. If the State's testimony is to be credited, we are of opinion that the State made a case sufficiently strong to justify the verdict.

As the record is presented the judgment will be affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.