## McCarty v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Intoxicating Liquors—One Merely Renting Residence Cannot Complain of Unreasonable Search of Garage.—One who rented the residence on a lot, but had no legal possession of a garage thereon, cannot complain either that a warrant for search of the garage was issued upon a defective affidavit, or to the introduction against him of evidence of the presence of liquor discovered in the garage.
2. Criminal Law—Oral Testimony of Oral Plea of Guilty in Court Admissible.—Any one who heard accused make an oral plea of guilty in the federal court is a competent witness to establish that fact, regardless of the record made by the clerk of such plea.
3. Criminal Law—Prosecution in Federal Court not Bar to Proceeding in State Court.—Prosecution in federal court for unlawful possession of intoxicating liquor was not a bar to a prosecution in the state court, and a plea in the federal court was not binding in the state court.
4. Criminal Law—Accused Entitled to Entire Transaction on Plea of Guilty in Federal Court.—Where the Commonwealth introduces in evidence accused's plea of guilty of the same offense in federal court, accused is entitled to have the jury hear and consider not merely the legal effect of what he said, but all that he then said.

J. J. McBRAYER for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Convicted of unlawfully possessing intoxicating liquor, appellant complains that all of the evidence of his guilt was incompetent, and that same should have been excluded and his acquittal directed.

Acting under a search warrant issued upon an affidavit which is concededly defective, officers searched a garage immediately behind appellant's residence in the city of Lexington, and there found thirty-five gallons of illicitly distilled whiskey. While the residence and garage are located upon the same lot and owned by the same party, it was established without contradiction that appellant rented only the residence and had no legal possession or control of the garage. He cannot, therefore, under the numerous decisions of this court, complain of the unwarranted search of the garage, nor of the introduction against him of evidence of the presence of the liquor thus discovered therein, provided his actual possession of the liquor, despite its location on the property of another, was satisfactorily established. Bowling v. Commonwealth, 193 Ky. 642, 237 S. W. 381; Keith v. Commonwealth, 197 Ky. 362, 247 S. W. 42.

That this liquor belonged to appellant and was in his possession and under his control, was established without contradiction, not only by proof of his subsequent admissions voluntarily made to the officers who found it, but also by proof of his plea of guilty in the federal district court, where, upon the same facts, a similar charge had been preferred against him. It is not contended that appellant's admissions to these officers were incompetent, but it is seriously insisted that the proof of his plea in the federal court was inadmissible because proved by the oral testimony of one who was present and heard it rather than by a certified copy of the record.

We are of the opinion, however, that anyone who heard appellant make an oral statement with reference to the involved facts contrary to his interests is a competent witness to establish that fact, regardless of whether or not it was made in or out of court, and that it was not incumbent upon the Commonwealth to introduce the record simply because such admission was made in a court.

The plea was oral, and in our judgment the best evidence of what appellant then said is not what the record in that case may contain with reference thereto, but what persons, who were present and heard all that was actually said by appellant, may say under oath about it. The one action is not a bar to the other, although both were based upon the same facts. Hall v. Commonwealth, 197 Ky. 179, 246 S. W. 441; United States v. Vito Lanza, etc., 260

U. S. 377; hence that plea is not binding, and the question of whether or not appellant was acquitted or convicted in the federal court was wholly immaterial and incompetent upon the trial here. But what he said there with reference to his possession of this same liquor, it seems to us, was competent and provable by any one who heard it, just as any oral admission made anywhere would have been.

That a plea of guilty in another case involving the same facts is competent evidence against a defendant in a criminal case is generally recognized (16 C. J. 630), and this court so held in Ehrlich v. Commonwealth, 125 Ky. 742, 102 S. W. 289. But the question of how the plea may be proved has not been passed upon by this court, and we have been able to find only three cases from other courts where this question was raised or discussed. In State v. Hermanson, 22 N. D. 125, 132 N. W. 415, Ann. Cas. 1914A 1052, it was held that such a plea might be established by any one who heard it or by copy of the record. In Bowman v. State, 73 Tex. Cr. 194, 164 S. W. 846, it was held a plea of guilty to another offense must be shown by the record, while in State v. Call, 100 Me. 403, 61 A. 833, the court held a plea of guilty to the same offense need not be so proved.

The question, of course, is whether the record is the best evidence of what then occurred, and not simply its legal effect. As the plea was oral, it would seem, under general principles, it could be established by any one who heard it, just as any other oral admission against interest. This is especially true, we think, where the plea was made, as here, in another case, and where it is not binding upon the defendant but is evidence against him simply as an admission. Under all the cases as well as general principles the defendant was entitled to have the jury hear and consider not merely the legal effect of what he said, which no doubt is all the record would show, but all that he then said. 16 C. J. 634. Besides, as the plea then made was not binding upon him but was simply evidentiary as an admission against interest, he had the right to explain it or even deny its truth. Hence, in our judgment, the record, if competent, as probably it was to prove the fact that he then pleaded guilty where the same issue was on trial, certainly was not the best evidence of what defendant actually said in making the admission of guilt.

If his plea had been in writing, the writing and not the clerk's record of its legal effect would have been the best evidence of his plea, and so, too, we think, when the plea was oral, the thing to be proved was not what the clerk may have recorded about it, but the plea itself as actually made by the defendant, and as this was oral, it could not be proved in its entirety and as actually made by the record, or except by oral testimony of persons who heard just what the defendant then said.

We therefore conclude that the court did not err in permitting the Commonwealth in the first instance to prove orally just what defendant said on entering his plea on the other case, by one who was present and heard it, rather than requiring the Commonwealth simply to prove the record and then permitting the defendant, as would have been his right, to prove orally all that he then said relevant to the issue on this trial.

Judgment affirmed.