## Weber v. Commonwealth.

(Decided March 21, 1924.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Warrant Finding Defendant Owner and Operator of Still.—In an action for having in possession an illicit moonshine still, evidence held sufficient to warrant a finding that defendant was the owner and operator of the still found in a thicket from which officers saw him run.

2. Intoxicating Liquors—Search of Land of Third Party Without Warrant Cannot be Complained of.—Where one locates his moonshine still upon the land of another without the latter's consent, he is in no position to complain of a search of the premises of such other and the finding of the still thereon without a valid search warrant.

M. E. GILBERT for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—Affirming.

The judgment in this case imposes a fine of $500.00 and six months' imprisonment in the county jail upon appellant Weber under an indictment accusing him "of having in his possession an illicit moonshine still, designed for making illicit liquor." With him is indicted his brother, Will Weber.

In substance the evidence for the Commonwealth proves that the officers obtained information that the Webers were operating a moonshine still at or near the mouth of Clark's river in McCracken county; that the officers procured a search warrant and went to the mouth of Clark's river, where both Clay and Will Weber lived in house boats. In addition to the house boats they had small john boats. While hunting along the bank near the house boats the officers found thirty-one gallons of moonshine liquor in jugs close to the boat of appellant Clay Weber. Then they crossed the river and went up along the edge of the Tennessee river looking for a moonshine still. As they did so a woman in a boat in the river set up the cry, "Run, they are coming; they are coming." They could see the smoke from what they supposed to be a still and were approaching when they saw appellant, Clay Weber, run towards the river from a thicket in which the still was later found, and by the time the officers arrived at the spot where they saw him disappear they found him in the john boat, trying to row himself out, but he was entangled among brambles. The officers commanded him to stop and directed him to return to the shore. After some persuasion and threats on the part of the officers appellant came back to the shore in the boat, whereupon he was arrested.

The officers found a large moonshine still in the thicket from whence they saw him run. It was in operation and whiskey being produced. Appellant denied that he had any connection whatever with the distillery and explained his presence there by saying that he learned of the still and only went to it to get a drink; that it did not belong to him and he did not have any connection with it. He introduced other witnesses to support him. The Commonwealth, however, introduced evidence showing that Weber's reputation was bad for trafficking in intoxicating beverages. The jury, as we have said, found him guilty.

On this appeal appellant insists that there was no evidence introduced by the Commonwealth to sustain the charge made by the indictment; that "this conviction was had merely upon suspicion; that there is not a word or line of proof showing that Clay Weber had anything to do with the possession of this still or that he manufactured any of the liquor." The facts proven were entirely sufficient to warrant the jury in concluding that the appellant was the owner and operator of the still. It had the right to deduce from the proven facts the ultimate fact that Weber had in his possession an illicit moonshine still, and was fully warranted in doing so.

It is next insisted that the indictment was deficient and that "appellant's general demurrer should have been sustained to it; but if not this, then a peremptory instruction should have been given at the close of the evidence for the reason that the search warrant procured by the sheriff was illegal in that the sheriff procured the search warrant on information, as shown by the evidence of the sheriff, as will be found on page 8 of the bill of evidence, and this court in a long line of opinions rendered during the last two years, has consistently held that a search warrant procured on information is illegal." We have examined the indictment and it conforms in all respects to the requirements of sections 122, 123 and 124, Criminal Code. The demurrer, therefore, was properly overruled.

The moonshine still which appellant is charged with possessing was not located upon his land or premises. The constitutional prohibition against unreasonable search and seizure reads:

"The people shall be secure in their person, houses, papers and possessions from unreasonable search and seizure."

In construing this section we have held in numerous cases, and this is the general rule throughout the country, that one may not avail himself of the prohibition against search and seizure of property except in his "houses and possessions." Where one locates his moonshine still upon the land of another without the latter's consent, he is in no position to complain under the foregoing constitutional provision of the search of the premises of another, and the finding of a still thereon. The possession must be those of the party complaining. The premises searched were not those of appellant. Head v.

Commonwealth, 199 Ky. 222; Bowling v. Commonwealth, 193 Ky. 642; Keith v. Commonwealth, 197 Ky. 365.

Upon the whole we think the evidence was entirely sufficient to warrant the jury in returning a verdict of guilty, and we find no error of law on which to rest a reversal of the judgment, for which reason the judgment is affirmed.

Judgment affirmed.