## SPEYBROECK v. STATE OF INDIANA.

[No. 25,086.   Filed November 23, 1926.   Rehearing denied January 4, 1927.]

1. SEARCHES AND SEIZURES.—*Illegality of search warrant not available to one not interested in property searched or seized.*— A defendant cannot avail himself of an objection to the legality of the search of a place with which he had no connection or of the seizure of property in which he had no interest.   p. 685.

2. SEARCHES AND SEIZURES.—*Illegality of search warrant cannot be raised on appeal where defendant has testified that he was not owner of property searched or interested in property found.* —One accused of violating the prohibition law who testified that, at the time a search warrant was served, he was not the owner of the property searched, or interested in the property found by the search, is bound by such statements, and cannot question the legality of the search on appeal.   p. 685.

3. INTOXICATING LIQUORS.—*Verdict of guilty of unlawful possession of a still found by search did not carry with it finding that defendant was owner of property searched so as to enable him to object to service of warrant.*—A verdict of guilty in a prosecution for unlawful possession of a still did not carry with it a finding that the accused had an interest in the property searched or found so as to enable him to object to the legality of the service of the search warrant where he had stated at the trial that he was not the owner of the property searched nor interested in the goods found by such search.   p. 685.

4. SEARCHES AND SEIZURES.—*Constitutional right to be secure against unreasonable searches and seizures is a personal one.*— The right to be secure in their persons, houses, papers and effects from unreasonable searches and seizures, conferred by Art. 1, §11 of the state Constitution (§63 Burns 1926), is a personal one, and cannot be claimed by any one not interested in the property searched or the goods found.   p. 685.

From St. Joseph Superior Court; *Lenn J. Oare*, Judge.

Marcel Speybroeck was convicted of unlawful possession of a still, manufacturing intoxicating liquor and maintaining a liquor nuisance, and he appeals. *Affirmed.*

*Coughlin & Paden* and *John G. Yeagley*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant and another were jointly charged by affidavit, in three counts, with violation of the Prohibition Law. The crimes charged were unlawful possession of a still, unlawful manufacture of intoxicating liquor, and maintaining a common nuisance. §§6, 4 and 24, Acts 1925 p. 144, §§2719, 2717 and 2740 Burns 1926. The appellant entered a plea of not guilty. He was tried separately by a jury and was found guilty on each count. His motion for a new trial was overruled and judgment was rendered on each of the three verdicts.

It is assigned as error that the court erred in overruling the motion for a new trial. The causes for a new trial, now relied upon by appellant, relate to the admission of evidence. He insists that the search, under which the evidence to which he objected and excepted was secured, was illegal. The first reason for this contention is that the search warrant was served by a member of a horse thief detective association, who claimed to be a constable, but who was not a legal officer and who had no authority to serve same; and the second reason is that the description in the search warrant was not sufficient. Appellant testified that he had no interest in the premises which were searched, that he was never on the said premises, and that he never owned

or had possession of the two stills and ten jugs of moonshine whisky which were found there and introduced in evidence.

It is well settled that a defendant cannot avail himself of an objection to the legality of the search of a place with which he had no connection, or of the seizure of property in which he had no interest.

1. 

Blakemore, Prohibition 368, §112; Thorpe, Prohibition and Industrial Liquor §831; Cornelius, Search and Seizure 75, §17; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16; *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849; *Hines* v. *State* (1926), 197 Ind. 575, 150 N. E. 371; *Weber* v. *Commonwealth* (1924), 202 Ky. 499, 260 S. W. 1; *McCarty* v. *Commonwealth* (1923), 200 Ky. 287, 254 S. W. 887; *Chicco* v. *United States* (1922), 284 Fed. 434; *Jones* v. *United States* (1924), 296 Fed. 632; *Remus* v. *United States* (1923), 291 Fed. 501; *Goldberg* v. *United States* (1924), 297 Fed. 98.

Appellant argues that the verdict of guilty carried with it and merged a finding that he had an interest in the property searched and, therefore, he should not be estopped from objecting to the evidence secured by virtue of the search which he says was

2-4.

illegal. His right to object to the legality of the search depends upon Art. 1, §11 of the state Constitution (§63 Burns 1926), which provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable search or seizure shall not be violated." The appellant, as a witness in his own behalf, having declared that he was not the owner or in possession of the place searched or the property there found by the search, is bound by said statements. In *Goldberg* v. *United States, supra,* the Circuit Court of Appeals, held that the defendant could not avail himself of an objection to the search of a truck and the seizure

of liquor as he did not claim to have any right to possession of either.   In *Chicco* v. *United States, supra,* the same court decided that no constitutional right of the petitioner was invaded by the seizure of papers taken from premises as to which he disclaimed connection or relationship.   The provisions of the Constitution of the United States and of the state Constitution in regard to search and seizure are almost identical.   And in *Earle* v. *State, supra,* in which the appellant endeavored to suppress certain evidence, this court said that no facts were pleaded connecting appellant with the automobile or the liquor, and that he could not be heard to complain even though the alleged acts of the officers were unauthorized and illegal.   The right in regard to search and seizure, given by the state Constitution, is a personal one; and as appellant disclaims any interest in the premises which were searched or in the property discovered by the search, there was no violation of his constitutional rights.   As he was not in position to object to the search, it is not necessary for this court to determine the validity of the search warrant or the authority of the constable to serve it.   Other causes stated in the motion for a new trial are not relied upon in appellant's brief.

No reversible error appearing, the judgment is affirmed.