WILLIAMS *v.* STATE OF INDIANA.

[No. 25,571. Filed May 29, 1929].

*Crawford A. Peters* and *Richard L. Ewbank,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Donald R. Mote,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was convicted of violating

Acts 1925, ch. 48, §6, §2719 Burns 1926, which makes it unlawful to own, possess, control, use or assist in using any still or distilling apparatus for the unlawful manufacture of intoxicating liquor. His assignment of errors presents two questions: *first,* was the evidence obtained by the arresting officers and on which he was convicted incompetent because it was obtained without the aid of a search warrant, and *second,* was the evidence sufficient to sustain the verdict?

The evidence, briefly, was that Harrison, the owner of a farm on Laughery Creek which was leased to Lindsay Borders, visited the farm and was within 40 feet of a place where a still was in operation thereon, heard a fire cracking, heard someone conversing there and smelled the mash. He telephoned to the sheriff and then accompanied the sheriff and three others, whom the sheriff deputized, to the farm. The officers surrounded the location of the still and one of them, while waiting in the weeds for the sheriff and other deputies to locate themselves, saw three men, one of whom was appellant, working around the still. Two officers testified that appellant, who was within three or four feet of the still, had a copper coil in his hands and took a kettle to a point on the creek nearby where some barrels were located, started to run when discovered by the sheriffs, and, on being told to halt, kept on running. Appellant and his codefendants, Henderson and Borders, were arrested after several shots were fired. Henderson and appellant, who were wounded, carried arms and ammunition, and all the deputy sheriffs were armed. In addition to the still, the officers found four and one-half barrels of mash and eight gallons of "white-mule" whisky in jugs, kegs and milk cans, the liquor being hot when found.

It was not necessary that the search, seizure and arrest in this case be made under a search warrant in order

to effect a valid arrest of the appellant and to render admissible against him the evidence obtained, for the following reasons:

First. The arresting officers had reasonable and probable cause to believe that the felony defined by the statute above cited was being committed, and therefore had the right to arrest the felon and seize the articles used in the commission of the crime. *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875.

Second. It does not appear that appellant owned, operated or in any way controlled or had any interest in the premises searched, and, in such a case, he cannot avail himself of any objection to the legality of the search. *Speybroeck* v. *State* (1926), 198 Ind. 683, 154 N. E. 1, and cases there cited.

Third. The constitutional inhibition against unreasonable searches and seizures protects the people in their right "to be secure in their persons, houses, papers and effects," §11, Art. 1, Constitution, §63 Burns 1926, but does not make necessary the obtaining of a search warrant to enable officers to search fields, woods or land which is some distance from a house or dwelling. *United States* v. *McBride* (1922), 287 Fed. 214; *Gilstrap* v. *State* (1928), 263 Pac. (Okla. Crim.) 155; *Brent* v. *Commonwealth* (1922), 194 Ky. 504, 240 S. W. 45; *Cotton* v. *Commonwealth* (1923), 200 Ky. 349, 254 S. W. 1061; *State* v. *Zugras* (1924), 306 Mo. 492, 267 S. W. 804.

The evidence was sufficient to sustain the verdict against appellant even though it shows that the still was the property of and in the possession of his codefendant Borders, for it shows that appellant was assisting in the use of the still, which act is expressly within the provision of the statute (§2719, *supra*) that "it shall be unlawful for any person to own or have

in his possession or under his control, or to use, or *to assist in using,* any still or distilling apparatus for the unlawful manufacture of intoxicating liquor."

The defense that Borders, Henderson and Williams were working in a field and had just discovered the still themselves when the sheriffs raided the place, and the defense that Williams was on the premises as a farm hand hired to hoe corn and had no connection with the distilling operations, may either or both be reasonable explanations consistent with appellant's innocence, but this court in such a case cannot determine the credibility of witnesses, the weight of conflicting evidence, or whether the inference of guilt or innocence should be drawn where either of such inferences might reasonably be drawn from the evidence, those matters being exclusively for the jury or for the trial court when the trial is by the court. *Winters* v. *State* (1928), *ante* 48, 160 N. E. 294, and cases cited. There is substantial evidence, direct and inferential, which, standing alone, fairly establishes all the material facts necessary to constitute the crime charged, and the judgment is therefore affirmed.

## CONCURRING OPINION.

MYERS, J.—I concur in the affirmance of the judgment in this case on the theory that the testimony of the sheriff of Ripley County and those deputized by him, namely, the postmaster at Versailles, a mail carrier out of that office, and another person, together with the testimony of the owner of the land on which the still was being operated, and who conducted the officers to the place where it was located, tended to prove that appellant was actively engaged around and about the still in the way of assisting in dismantling it, and ran when commanded to stop. The still and the activities of appellant were within reasonably plain observation and to

the actual knowledge of the sheriff and his posse. Under such circumstances, no search warrant was required, for the reason that no search was needed to establish the fact of the presence of the still. It was clearly the duty of the sheriff to make the arrest. It was also his duty to seize all the things there within his view that were material as tending to establish the commission of the crime. The arrest and seizure of the articles mentioned as having been introduced in evidence over objection occurred at the same time, and might well be regarded as a single official act of an officer done at a place where he had a right to be. The arrest being lawful, the seizure of the articles in connection therewith was lawful, and therefore they were admissible in evidence at the trial.

Willoughby and Travis, JJ., concur with the concurring opinion.