KIRKLAND *v.* STATE OF INDIANA.

[No. 30,566. Filed January 2. 1968.]

*George W. Brady,* of Muncie, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of conviction of armed robbery. The appellant, Wardell Kirkland,

was charged with the crime with three co-defendants, namely, James Lee Wilcox, James Lee Harris and Robert William Johnson. Wilcox pleaded guilty just prior to trial and turned State's witness. Only the appellant Kirkland appeals.

It is first contended that the court erred in overruling appellant's motion to quash the second amended affidavit on the ground that it is uncertain as to whether it charges robbery or armed robbery. We do not believe the appellant takes this contention too seriously. He cites no authority. We have examined the written charge and find that it follows the statute in wording, and in our opinion the court committed no error in that respect.

The next contention made is that the court erred in overruling appellant's motion to suppress evidence obtained from the search of an automobile. There is no bill of exceptions containing the evidence heard at the time of the hearing on the motion to suppress. We do not have that evidence before us in order to determine the existence or nonexistence of probable cause for the search. However, we find from an examination of the evidence heard at the trial that the appellant and his three co-defendants were arrested shortly after the robbery at the Marsh Supermarket in Muncie, Indiana, and at a time when they were seated in a car referred to throughout the evidence as "Harris' automobile." The appellant in his testimony referred to it as Harris' car and he was seated in the back seat at the time the police made the arrest and the search of the automobile. Co-defendant Wilcox testified that co-defendant Harris was driving a 1953 or 1954 two-tone buick owned by co-defendant Harris. The police, after the arrest of the four co-defendants and the search of the automobile shortly after the robbery of the supermarket, found therein a bag of money amounting to $551.00, the exact sum taken from the supermarket, a coat and sunglasses belonging to Wilcox, which he stated he wore during the holdup, as well as revolvers which Wilcox and the other co-defendants had in their possession. Under the circumstances,

the appellant has no legal right to complain of the search of an automobile which was not in his possession at the time.

Constitutional rights are personal to an individual, and violation of a third party's constitutional rights cannot be claimed by a defendant in a trial. It is well settled that a search of a third party's property or home, even if without probable cause, cannot be made the basis of a claim by a defendant for the exclusion of such evidence. *Adler* v. *State* (1967), 248 Ind. 193, 225 N. E. 2d 171; *Wilson* v. *State* (1966), 247 Ind. 454, 217 N. E. 2d 147; *Williams* v. *State* (1929), 201 Ind. 175, 166 N. E. 663; *Speybroeck* v. *State* ,(1926), 198 Ind. 683, 154 N. E. 1; *Frye* v. *State* (1926), 197 Ind. 615, 151 N. E. 728; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16.

The next contention is made that the appellant was entitled to a separate trial from his co-defendants. It is argued that his co-defendants had criminal records which prejudiced him. However, it is to be noted that the appellant had quite a prior criminal record also which was brought out in the trial, and during the trial he made no objections to the admission of the criminal records of his co-defendants.

The evidence introduced by the State to prove the armed robbery was relevant as to all the co-defendants. The right to a separate trial rests within the sound discretion of the court, and we fail to find that the appellant has made any showing of abuse of discretion by the trial court. *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108.

It is finally contended that the evidence is not sufficient to sustain the verdict of the jury. We have reviewed his evidence and in our opinion it amply sustains the verdict. The appellant was identified as one of those in the supermarket at the time of the robbery; he was identified by his co-defendant Wilcox as being there at the time of the robbery; witnesses identified Wilcox also as the one who ac-

tually performed the robbery, and the appellant was arrested shortly after the robbery in the company of Wilcox and the other co-defendants, who at that time had possession of the money that had just shortly before been taken from the supermarket.

We find no error committed by the trial court, and the judgment is affirmed.

Lewis C. J., Mote and Hunter, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 365.