## BLOCH *v.* THE STATE.

[No. 20,141. Filed October 13, 1903.]

CRIMINAL LAW.—*Entering House to Commit Larceny.*—*Affidavit and Information.*—In a prosecution for entering a dwelling-house in the daytime and attempting to commit larceny, in violation of §2003 Burns 1901, it is not necessary to describe specifically the property attempted to be stolen, nor to allege the value thereof. *p. 277.*

SAME.—*Entering House to Commit Larceny.*—*Evidence.*—Defendant, a stranger, was discovered in a house by the owner thereof, about the noon hour, "going through the drawers of a bookcase." The drawers of a dresser in the same room were open. The drawers in the bookcase and dresser were closed when the owner left his room in the morning, and the house was not occupied by any other person. When defendant was discovered he attempted to escape by the back way of the building, and was arrested. *Held,* that the evidence was sufficient to sustain a conviction of an attempt to steal. *pp. 277, 278.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Lawrence Bloch was convicted of the crime of entering a dwelling-house in the daytime and attempting to commit larceny, and appeals. *Affirmed.*

*J. M. Hatfield,* for appellant.

*C. W. Miller,* Attorney-General, and *C. F. Jackman,* for State.

MONKS, C. J.—Appellant was charged by affidavit and information with entering in the daytime the dwelling-house of one Albert Alstadter and attempting to commit the crime of larceny, in violation of §2003 Burns 1901, §1930 R. S. 1881 and Horner 1901. A trial by jury resulted in a verdict of guilty, and, over a motion for a new trial and a motion in arrest, judgment was rendered thereon.

The errors assigned call in question the action of the court in overruling the motion to quash the affidavit and

information, and in overruling the motion for a new trial and the motion in arrest of judgment.

The only objections urged to the affidavit and information are (1) that there is no specific description of the property which it is charged appellant attempted to steal; and (2) it is not alleged that said property had any value. Such allegations are not necessary in a prosecution for a violation of said §2003, *supra*. *Commonwealth* v. *McDonald,* 59 Mass. 365; *Reg.* v. *Johnson,* Leigh & C. 489, 10 Cox C. C. 13; *Burrows* v. *State,* 84 Ind. 529; *Barnhart* v. *State,* 154 Ind. 177, 180; *People* v. *Ah Ye,* 31 Cal. 451; *State* v. *Hughes,* 76 Mo. 323; *State* v. *Utley,* 82 N. C. 556; *People* v. *Moran,* 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, 20 Am. St. 732, and cases cited; *People* v. *Jones,* 46 Mich. 441, 9 N. W. 486; *State* v. *Wilson,* 30 Conn. 500; 2 Bishop, Crim. Proc. (4th ed.), §87; 1 Bishop, Crim. Law (8th ed.), §§743, 744; 1 Wharton, Crim. Law (10th ed.), §§186, 191. In *Reg.* v. *Johnson,* Leigh & C. 489, Pollock, C. B., said: "Where there is only an attempt, it is not always possible to say what property the would-be thief meant to steal." It is clear from the authorities cited that such allegations are not necessary.

During the progress of the trial, certain articles of property found on the person of appellant were exhibited to the jury by a witness on behalf of the State. This is assigned as a cause for a new trial by appellant, but, as he made no specific objection thereto, no question is presented by said assignment for our consideration. *Bass* v. *State,* 136 Ind. 165, 170, 171; *Lankford* v. *State,* 144 Ind. 428, 432-434; *Noe* v. *State,* 92 Ind. 92, 95.

It is insisted by appellant that the verdict is contrary to the evidence and contrary to law, because there is no evidence of an "attempt to steal." The evidence on this subject shows without contradiction that appellant, a stranger, from Chicago, was discovered by one Albert Al-

stadter in his dwelling-house, about the noon hour, "going through the drawers of a bookcase." The drawers of a dresser in the same room were open. The drawers in the bookcase and dresser were closed at the time Alstadter left his room in the morning. After the appellant was discovered, he attempted to escape by the back way of the building, and was arrested. At the time of the alleged commission of said offense, said dwelling-house was not occupied by anyone except said Alstadter. The evidence of the attempt to steal was much stronger in this case than in *Burrows* v. *State,* 84 Ind. 529, where it was held sufficient. See, also, *People* v. *Moran,* 123 N. Y. 254, 25 N. E. 412, 20 Am. St. 732, 10 L. R. A. 109, and cases cited; 1 Wharton, Crim. Law (10th ed.), §186.

Judgment affirmed.