## Borders v. State of Indiana.

[No. 24,298.   Filed October 9, 1923.]

1. Intoxicating Liquors.—*Possession.—Affidavit.—Sufficiency.*—The possession of intoxicating liquors is not a crime in this state, unless it is possessed with intent to sell, barter, exchange, give away, or otherwise dispose of it.  p. 478.

2. Criminal Law.—*Affidavit.—Sufficiency.—Verdict.*—A verdict finding defendant guilty as charged in the affidavit is contrary to law where the affidavit does not charge a criminal offense.  p. 478.

From Fayette Circuit Court; *E. Ralph Himelick,* Judge.

Prosecution by the State of Indiana against John Borders.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*G. Edwin Johnston,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was prosecuted upon an affidavit, the charging part of which is as follows: "That on the 16th day of September, A. D., 1922, in the county of Fayette, State of Indiana, one John Borders, late of said county, did then and there unlawfully have in his posession intoxicating liquor, to wit: two gallons, more or less, of white mule whiskey."

On a plea of "not guilty" he was tried by jury, which returned a verdict finding the appellant guilty as charged in the affidavit, and fixing his punishment at a fine in the sum of $100, and that he be imprisoned at the county jail for a period of 120 days. Judgment was rendered upon the verdict of the jury and from such judgment the appellant appeals and assigns as error, that the trial court erred in overruling appellant's motion for a new trial.

Among the reasons assigned for a new trial are: The verdict is not sustained by sufficient evidence and the verdict of the jury is contrary to law. No attack was made upon the sufficiency of the affidavit. It must be observed that the affidavit merely charges the defendant with the possession of intoxicating liquor and it has been held that it is not a crime in this state for a person to have in his possession intoxicating liquor unless he has it with the intention to sell, barter, exchange, give away, or otherwise dispose of it. *Crabbs* v. *State* (1923), *ante* 248, 139 N. E. 180; *Powell* v. *State* (1923), *ante* 258, 139 N. E. 670.

The jury found the appellant guilty as charged in the affidavit, but as the affidavit did not charge him with a criminal offense the verdict of guilty founded upon it would be contrary to law. This is conceded by the attorney-general in his brief.

The judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial.

Townsend, J., absent.

Ewbank, J., dissents.