## SNEDEGAR v. STATE OF INDIANA.

[No. 24,784.   Filed March 20, 1925.   Rehearing denied June 3, 1925.]

1. SEARCHES AND SEIZURES.—*A stranger cannot object to the search of a house.*—The right of a citizen under the Constitution to be secure in his person, houses, papers and effects against unreasonable search and seizure is a personal right of the one whose person, house or effects are searched, and a stranger cannot complain of defects in the search warrant. p. 257.

2. INTOXICATING LIQUORS.—*Evidence considered, and held sufficient to prove possession of a still.*—Upon trial of one for possession of a still for the manufacture of liquor, the testimony of a house owner that accused had offered and paid him money for the privilege of operating a still in his house, and that the still was brought in, set up and operated, is sufficient proof of the offense, without regard to evidence found by officers under an alleged defective search warrant.   p. 257.

From Marion Criminal Court (56,477) ; *James A. Collins,* Judge.

William Snedegar was convicted of possessing a still for the manufacture of whisky, and he appeals. *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson, Donald F. Lafuze, E. W. Hoover, Eph Inman* and *Edwin Steers,* for appellant.

*U. S. Lesh,* Attorney-General, and *George A. Matlack,* for the State.

EWBANK, J.—In January, 1924, one Harry Thompson lived near Oaklandon, Marion county, Indiana, on a farm operated by one Richardson, by whom he was employed to do farm labor, being furnished the house to live in and about an acre of ground surrounding it. Certain officers, with a search warrant, went to his home in the afternoon, when he was away, and read the search warrant to his wife, after which they searched the house, and in an upstairs room found a 100-gallon still, set up and "running," being hot, though there was no fire under it when it was found and also seventy gallons of "white mule whisky," sixteen barrels of mash, five bags of corn sugar, two empty ten-gallon kegs, a box of yeast in pound squares, fifty feet of water hose and eight empty barrels. When Thompson came home from work two hours later the officers read the search warrant to him, and then proceeded to remove the things enumerated, to which it does not appear that Thompson at any time objected. Some months later an affidavit was filed which charged that Thompson and the appellant, Snedegar, at Marion county, Indiana, on January 18, 1924, unlawfully and feloniously had in their possession and under their control a still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of Indiana, and used it in and for the manufacture of intoxicating liquor in violation of such laws. On June 14, 1924, the court, on motion of the prosecuting attorney, entered an order dismissing the action as to Thompson, and discharging him. The case against Snedegar was then called for trial, when he made an oral motion to quash the search warrant and the affidavit on which it was issued, and the return, "and to suppress the evidence," but after examining witnesses the court overruled the motion, and appellant excepted. None of the articles seized were introduced in evidence, but one of the officers

testified, over an objection and exception by appellant, that they searched Thompson's house under authority of a search warrant, and found there the articles above enumerated. Thompson testified that about three weeks before the search was made defendant (appellant) promised to pay him $50 per week for the privilege of setting up and operating the still in an upstairs room of the house; that thereupon defendant brought to his house the still and other articles found there by the officers, and that defendant operated the still there, and paid witness $120 for the privilege of keeping it there. And Mrs. Thompson testified that defendant brought the still there and carried it upstairs, though she did not see him operate it. After the evidence was all heard and both sides had rested, counsel for the defendant asked and obtained permission to prepare a written motion to quash and suppress the search warrant and affidavit, and such a motion is copied into the transcript, purporting to have been sworn to by Snedegar. The motion states that Harry Thompson was "the occupant and lessee" of the premises searched, and that the officers went to said premises and there seized "certain liquids, goods, wares and merchandise" in the possession of Thompson, by virtue of the search warrant; and that by reason of certain alleged defects therein the search warrant and the affidavit on which it was issued were both insufficient, and should be quashed, and the evidence thereby obtained should be suppressed. But neither in the oral nor the written motion, nor in the evidence offered in support of the motion, was there any statement or intimation that the defendant Snedegar owned or had an interest in the house or rooms where the search was made or lived or roomed there, or owned anything that was found or seized there. And there was no intimation that Harry Thompson was seeking, or at any time had sought to

have the articles returned to him, or to have the evidence in question suppressed.

The constitutional right "to be secure in their persons, houses, papers and effects, against unreasonable search and seizure" (Art. 1, §11, Constitution, §63 Burns 1926, §56 Burns 1914) is a personal right of the individual whose person, house, papers or effects are searched or seized, and a mere stranger having no interest therein cannot successfully complain of defects in the search warrant under authority of which a search was made. *Walker v. State* (1924), 194 Ind. 402, 142 N. E. 16, 17; *Earle v. State* (1924), 194 Ind. 165, 142 N. E. 405, 406; *Chanosky v. State* (1915), 52 Okla. 476, 153 Pac. 131; *United States v. Wihinier* (1922), 284 Fed. 528; *Remus v. United States* (1923), 291 Fed. 501, 511. No error was committed in overruling these motions.

Appellant also questions the sufficiency of the evidence to sustain the finding. The testimony of Harry Thompson was sufficient, in itself, to support a finding that appellant had possession of a still intended for use and which he actually did use in the manufacture of intoxicating liquor in violation of law, and that he was therefore guilty of violating §1, ch. 33, Acts 1923 p. 107, as charged in the affidavit, even though the testimony of the officers as to what they found when searching the house were to be disregarded.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, J.—A nineteen year old farm hand living as an incident of his employment in a house furnished by his employer on a farm where he worked, for which he paid no rent, could not give

another the rights of a lessee in the house or any part of it for the purpose of operating a still therein; neither does the evidence show that appellant bargained for anything more than a mere license to "try it for a while." And if Thompson and the owner of the house were content with the search and seizure, appellant has no standing in court to insist on the irregularity of either.

The petition for a rehearing is overruled.