## SHOCK v. STATE OF INDIANA.

[No. 24,889. Filed May 19, 1926.]

1. CRIMINAL LAW.—*Bill of exceptions must be tendered to the judge for approval within the time allowed by the court, and a bill tendered almost a year after motion for new trial was overruled did not bring evidence into the record where only sixty days were granted.*—A bill of exceptions must be tendered to the judge for approval within the time allowed by the court (§2330 Burns 1926, §2163 Burns 1914, §686 Burns 1926, §660 Burns 1914), and a bill that was tendered almost a year after the motion for a new trial was overruled did not bring the evidence into the record where the court granted sixty days' time for preparing and tendering all bills of exception. p. 682.

2. INDICTMENT.—*Motion at close of the evidence to discharge accused because affidavit or indictment did not charge an offense properly overruled where trial judge was convinced that accused had committed offense charged within limitation for that offense.*—In a criminal prosecution, a motion at the close of the evidence to discharge the accused because the affidavit or indictment did not charge a public offense was properly overruled where the trial judge was convinced that the accused had committed the crime charged within the limitation for that offense, as, under such circumstances, §2228 Burns

Shock v. State—197 Ind. 680.

1926, §2066 Burns 1914, would require that he be detained in custody until a new affidavit could be filed charging him with the offense. p. 683.

3. CRIMINAL LAW.—*Motion in arrest of judgment on the statutory ground that the facts stated in the affidavit or indictment do not constitute a public offense does not bring in review technical defects and matters of uncertainty which might constitute grounds for quashing.*—A motion in arrest of judgment under §2326 Burns 1926, §2159 Burns 1914, on the ground that "the facts stated in the affidavit or indictment do not constitute a public offense" does not bring in review mere technical defects and matters of uncertainty which might constitute grounds for quashing the affidavit or indictment before trial. p. 684.

4. INDICTMENT.—*Mere uncertainty whether date alleged as the time of commission of the offense was few months before or after the trial was not enough to render affidavit insufficient on motion in arrest of judgment, where the commission of the offense was alleged in past tense and date had been made certain by proof.*—Where the affidavit charging the offense alleged in the past tense that the accused did the act charged, mere uncertainty whether the date named as the time when it was done was a few months before or a few months after the date of the trial (the figure "3" having been written in ink over the "4" in "1924") was not enough to make the affidavit insufficient on a motion in arrest of judgment under §2326 Burns 1926, §2159 Burns 1914, after the date had been made certain by proof at the trial. p. 684.

5. RAPE.—*Lack of definiteness in stating the age of child under twelve years of age charged to have been raped must be challenged by motion to modify the judgment, as it would not be sufficient cause for arresting the judgment under §2326 Burns 1926, §2159 Burns 1914.*—In a prosecution for the rape of a child under the age of twelve years, any uncertainty in charging the girl's age should be challenged by a motion to quash for the reason that the affidavit or indictment does not state the offense with sufficient certainty, as authorized by §2227 Burns 1926, §2065 Burns 1914, or by motion to modify the judgment by reducing the punishment to that provided in case of rape of girl over twelve years of age and under sixteen, as it is not available as cause for arresting the judgment under §2326 Burns 1926, §2159 Burns 1914. p. 685.

6. CRIMINAL LAW.—*Mistake in affidavit in spelling name of accused would not make it subject to motion in arrest of judgment, especially where the name would be pronounced the same, and defendant had gone to trial without objection.*—Under §2208 Burns 1926, §2050 Burns 1914, a mistake in spelling

the name of the accused in the affidavit or indictment would not render it subject to a motion in arrest of judgment, especially where the name would be pronounced the same and the defendant had gone to trial without objection thereto.   p. 685.

From Allen Circuit Court; *Sol A. Wood*, Judge.

Fred Shock was convicted of rape of a child under twelve years of age, and he appeals. *Affirmed.*

*Robert A. Buhler*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of the rape of a girl eleven years old. He was tried by the court without a jury, was found guilty, and was sentenced to imprisonment for life. Overruling his motion that he be discharged, his motion in arrest of judgment, and his motion for a new trial are assigned as errors.

By the motion for a new trial, he seeks to challenge the sufficiency of the evidence to sustain the finding, but none of the evidence is in the record. The order-book entries recite that on February 19, 1924, at the February, 1924, term of court, the motion for a new trial was overruled, when sixty days were allowed for preparing and tendering all bills of exceptions for filing, and that the bill of exceptions purporting to contain the evidence was presented, certified and filed almost a year later, on February 16, 1925, at the February, 1925, term. This did not make the evidence a part of the record.   §2330 Burns 1926, §2163 Burns 1914; §656 Burns 1914, §626 R. S. 1881; Ewbank's Manual (2d ed.) §§24, 33. However, what is set out in appellant's brief as having been testified at the trial would be amply sufficient to support the verdict of guilty, if contained in a proper bill of exceptions.

The motion to discharge the accused at the conclusion of the evidence was for the alleged reasons:   (a) That

the facts stated in the affidavit do not constitute
2. a public offense; and (b) do not charge such of-
fence with sufficient certainty, in that (as it
averred) at the time defendant waived arraignment and
pleaded not guilty, and until after the witnesses were
sworn and after one of them had commenced to tes-
tify, on February 4, 1924, the affidavit had charged that
the offense was committed on the impossible, because
future, date of "the ——— day of April, 1924," after
which commencement of the trial, it was alleged to
have been changed to read "1923." But even if it were
shown to have been true that the affidavit originally
failed to charge a public offense, or failed to do so after
the alleged alteration, such fact would not give defend-
ant a right to be discharged from custody if the trial
judge was convinced by the evidence that less than a
year before and within the period of limitation of ac-
tions (§1887 Burns 1914, §20, ch. 169, Acts 1905 p.
584), he had committed the alleged offense. Under
those circumstances, it would be the duty of the court
to detain him in custody until a proper indictment could
be returned or a proper affidavit filed, charging him
with the offense. §2228 Burns 1926, §2066 Burns
1914, §195, ch. 169, Acts 1905 p. 584; *State* v. *Simpson*
(1906), 166 Ind. 211, 214, 76 N. E. 544. No error was
committed in overruling this motion.

The record contains two affidavits made by the same
affiant on February 4, 1924, each charging that, at the
county of Allen in the State of Indiana, the defendant
therein named, "did then and there unlawfully and felo-
niously make an assault in and upon R. F. then and
there being a female child under the age of 16 years,
to-wit, 11 years, and did then and there feloniously
ravish and carnally know her, the said R. F., contrary,"
etc. Both of these affidavits appear in the record under
the same order-book entry, which states that the prose-

cuting attorney, "files a new affidavit, charging the defendant, Fred Shock, with rape, which affidavit is in these words:" one of them being set out immediately following the other, and the second affidavit being followed by the statement in the order-book that, "comes now the defendant in person and by counsel (naming them), and the said defendant waives arraignment and pleads not guilty." The first of these two affidavits thus set out in the record names the defendant as "Fred Shoch," and alleges that the offense was committed "on or about the ———— day of April A. D. 1923"; and the second names him as "Fred Shock," while the typewritten allegation in it is that the offense was committed "on or about the ———— day of April A. D. 1924," but a figure "3" has been written with ink over the "4" in "1924."

Appellant filed a motion in arrest of judgment for the alleged reason that "the facts stated in the affidavit do not constitute a public offense" (§2326 3-4. Burns 1926, §2159 Burns 1914, §283, ch. 169, Acts 1905 p. 584). Such a motion does not bring in review mere technical defects and matters of uncertainty which might afford grounds for quashing the affidavit on timely objection for that cause before the trial. *Woodsmall* v. *State* (1913), 179 Ind. 697, 699, 102 N. E. 130, and authorities cited. And, since the allegation was in the past tense, that defendant "did then and there" do the acts charged, mere uncertainty whether the day named as the time when it was done was a few months before or a few months after the date of the trial is not enough to make the affidavit insufficient on motion in arrest of judgment, presented after the date has been made certain by proof offered at the trial. *Boos* v. *State* (1914), 181 Ind. 562, 569, 570, 105 N. E. 117.

Any uncertainty and lack of definiteness in charging

that the child was under twelve years of age, if the affidavit was uncertain in that particular, as de-

5, 6. fendant insists, should have been challenged by a motion to quash for the reason that the affidavit did not state the offense with sufficient certainty (§2227 Burns 1926, §2065 Burns 1914, §194, ch. 169, Acts 1905 p. 584), or by a motion to modify the judgment by reducing the punishment to what is provided in case of the rape of a girl under sixteen. It was not available as a cause for arresting the judgment. §2326, *supra*. Obviously, a mere mistake in writing the last letter of defendant's name in the affidavit which correctly alleged the date of the offense would not make it subject to a motion in arrest, where the name would be pronounced the same which ever way it was spelled, and defendant had gone to trial without objection on that account. §2208 Burns 1926, §2050 Burns 1914, §179, ch. 169, Acts 1905 p. 584; *Bader* v. *State* (1911), 176 Ind. 268, 274, 94 N. E. 1009; *Pinney* v. *State* (1901), 156 Ind. 167, 169, 59 N. E. 383.

The court did not err in overruling the motion in arrest of judgment.

The judgment is affirmed.