## DAFOFF *v.* STATE OF INDIANA.

[No. 25,095. Filed October 5, 1926. Rehearing denied January 7, 1927.]

1. SEARCHES AND SEIZURES.—*Search of the person, when may be made.*—An officer may search a person lawfully arrested for a misdemeanor committed in his presence, including packages or bags carried, also the automobile in which he was riding when arrested, without a violation of his constitutional rights. p. 704.

2. CRIMINAL LAW.—*Competency of testimony as to articles found on accused and in his automobile after his lawful arrest.*—Facts discovered by a police officer in the search of a person whom he has arrested for a misdemeanor committed in his presence may be used in evidence against the accused for another offense than that for which he was arrested. The same is true as to articles discovered in the automobile in which he was riding when arrested. p. 704.

3. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for transporting intoxicating liquor. p. 704.

4. CRIMINAL LAW.—*Only evidence favorable to finding considered on appeal.*—On appeal, the court considers only the evidence favorable to the finding in the trial court, and does not consider evidence which contradicts that which supports the finding. p. 704.

5. CRIMINAL LAW.—Finding of the trial court, on a motion to suppress evidence, that defendant was arrested for speeding before being searched, *held* sustained by sufficient evidence. p. 705.

6. CONSTITUTIONAL LAW.—*Penalty for violation of law exclusively for the legislature.*—What the penalty for the violation of a law shall be is exclusively for the legislature, and the courts have nothing to do with the severity of the punishment prescribed. p. 706.

7. CRIMINAL LAW.—*Severity of punishment not considered on appeal.*—That a sentence of a term in the penitentiary was too severe for transporting intoxicating liquor in an automobile under the circumstances proved was immaterial on appeal therefrom. p. 706.

From Marion Criminal Court (58,824) ; *James A. Collins,* Judge.

Tom Dafoff was convicted of transporting intoxicating liquor in an automobile, and he appeals. *Affirmed.*

*Alvah J. Rucker* and *John N. Wright,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted on an indictment charging him with unlawfully transporting intoxicating liquor in an automobile in Marion county, Indiana. He pleaded not guilty and a trial by the court resulted in a finding of guilty and that his age is thirty-one years. Judgment was rendered on the finding, from which judgment the appellant appeals; and the only error properly assigned is that the court erred in overruling appellant's motion for a new trial.

In the motion for a new trial, the appellant says the finding of the court is contrary to law; the finding of the court is not sustained by sufficient evidence and that there was irregularity in the proceedings of the court and order of the court and abuse of discretion by the court, by which the defendant was prevented from having a fair trial in this, to wit: the court overruled the defendant's motion to suppress the evidence of the state in this cause, and to enjoin and restrain the use thereof by the state.

The motion to suppress the evidence alleges, in sub-

stance, that the officers of the law violated the constitutional rights of the appellant as guaranteed by Art. 1, §11 of the Constitution of Indiana, by making an unlawful search and seizure of appellant's automobile, and did unlawfully, contrary to the constitution, obtain certain intoxicating liquor in said automobile of this appellant and that said appellant was placed under arrest unlawfully, and by reason of such unlawful search and seizure. The appellant moved the court to suppress the evidence which he alleges was unlawfully obtained by such search and seizure, and that the prosecuting attorney of Marion county be restrained and enjoined from using said evidence, either the containers or the alleged intoxicating liquor thus so unlawfully obtained and secured, and any and all information relating thereto, and obtained by said officers, and enjoined from disclosing any information obtained by them in the process of said unlawful search and seizure.

It is made to appear by the evidence that appellant was arrested by a deputy sheriff of Marion county, Indiana; that he was arrested about 4:30 in the afternoon; that with the deputy sheriff who arrested him was another deputy sheriff; that the appellant was driving a Ford automobile and another person riding in with him; that the officer arrested this appellant for speeding; that, at the time of the arrest, the officer had no search warrant for this automobile and no warrant for the arrest of the appellant. The evidence further shows that after the appellant was placed under arrest for speeding, the officer then made a search of the car in which he was riding; that the officer found one gallon bottle of mule, one gallon empty bottle and one two-gallon empty jug and one half-pint bottle empty. There was a gallon of liquor there. What you would call white mule whisky. The empty containers in the car had the smell of liquor on them. After his arrest, the ap-

pellant made some statements to the officers in regard to the use of the liquor found in the car. The evidence shows affirmatively that the defendant was placed under arrest for speeding before a search of the car was made.

It has been held in this state that officers may search a person lawfully arrested for a misdemeanor committed in their presence, including packages or bags

1. carried and the automobile in which he is riding when arrested, without a violation of his constitutional rights and the facts discovered by such search may be used in evidence against him, upon trial for another offense than that for which he was arrested. *Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625.

Following the precedent laid down in *Haverstick* v. *State, supra,* it must be held that the search of appellant's automobile, under the facts disclosed by the

2, 3. evidence, was not unlawful, and the facts discovered by such search were admissible against this appellant in a trial upon the indictment charging him with unlawful transportation of intoxicating liquor. It follows that the court did not err in overruling appellant's motion to suppress evidence and the finding of the court is sustained by sufficient evidence.

Judgment affirmed.

ON PETITION FOR REHEARING.

WILLOUGHBY, J.—The appellant has filed a petition for a rehearing in this case. He claims in his petition that he was not speeding when he was arrested by the officers before the automobile was searched, in which he and another person were riding.

Upon the motion to suppress the evidence, the court heard evidence and decided that the motion should be overruled. In determining whether the evidence

4. in a given case is sufficient to support the finding of the court, it is the duty of this court to con-

sider only the evidence favorable to the finding and the court will not consider evidence which contradicts such evidence in support of the finding.

In appellant's brief filed with his petition for rehearing, he quotes from the testimony of a witness named Carter, as follows: "We, (Carter and another deputy sheriff) were driving east on Washington street along about Holmes avenue when we saw this car. Tom Dafoff passed a street car, just as the street car stopped to discharge passengers or to load. We took off after him, and trailed him for three squares at twenty-eight miles an hour and arrested him for speeding." This evidence is quoted correctly from the evidence set out in the bill of exceptions and is sufficient to sustain the finding of the court on the proposition that he was arrested for speeding. It appears from the evidence and by the record of the case that appellant was searched and his automobile was searched after he was arrested.

Appellant further says in his brief in support of his petition for rehearing that "the punishment of the appellant is so drastic and severe under the facts disclosed by the record, that we feel that the court will carefully re-examine the record and do all things which justice might require. Although made a felony under the law, yet the truth is, as disclosed by the record, that appellant was merely transporting a gallon of whisky to his home for an Easter celebration with his friends. We think that this was, if properly shown, an infraction of the prohibition law, but not such a state of moral guilt as would warrant a penitentiary sentence from one to two years."

The legislature passed the law making it a felony to transport intoxicating liquor in an automobile and fixed the penalty at imprisonment in the penitentiary from

6, 7. one to two years and a fine not exceeding one thousand dollars ($1,000). Whether it was wise to pass such a law or not and what the penalty for the violation thereof should be were questions exclusively for the determination of the legislature and the courts have nothing to do with the wisdom or folly of the law and the severity of the punishment, and have nothing to do with the question of the moral guilt of the appellant, if any. The legislature enacted the law. It was entirely within the province of such law-making body to determine whether the law ought to be passed and what the punishment for the violation thereof should be. The appellant was tried for the violation of a statute and not for a violation of the moral law.

There is no merit in appellant's petition for rehearing, and it is overruled.