## SHOCK v. STATE OF INDIANA.

[No. 24,889.   Filed January 22, 1929.]

*Robert A. Buhler*, attorney for petitioner.

MARTIN, C. J.—The appellant, who is serving a sentence of life imprisonment in the Indiana State Prison for the rape of a female child under the age of twelve years, petitions this court for a writ of error *coram nobis*, alleging that his conviction was secured by the perjured evidence of the prosecuting witness, who now repudiates the same in an affidavit filed as an exhibit to the petition, and prays that he be permitted to file in the Allen Circuit Court a motion for a new trial and that the Allen Circuit

Court be directed to consider said motion and investigate and decide the truth or falsity of the matters alleged, and to certify to this court the result of its consideration and investigation.

The prosecuting witness, who was twelve years old at the time of the trial, is now seventeen years old. In her affidavit, she says in part: "The conviction of Fred Shock was had upon my uncorroborated testimony, which testimony was in substance that Fred Shock had sexual intercourse with me more than ten times. I made the charges and testified against him because I was angry . . . . Fred Shock never had sexual intercourse with me at any time and he is not guilty of the offense with [for] which he is now in prison. I make this statement of my own free will and accord and ask that Fred Shock be pardoned."

The mother of the prosecuting witness executed another affidavit which is made an exhibit to the petition, in which she says: "That before the trial of the said Fred Shock I had my daughter examined by a physician and found that there was no rupture of the hymen which would indicate that there had been no penetration. I do believe, however, that Fred Shock took undue liberties with my daughter but I do not believe that he raped her. I do believe that the five years that he has spent in the penitentiary has more than punished him for any delinquency of my daughter that he contributed to and believe that he should be released and I join in asking the Governor of Indiana and the Pardon Board to give him a pardon at this time . . . for the offense alleged to have been committed by him."

The judgment below, which was entered February 19, 1924, was affirmed by this court on appeal May 19, 1926. *Shock* v. *State* (1926), 197 Ind. 680, 151 N. E. 827. This court, in considering the appeal, held that the bill of exceptions containing the evidence was not properly in

the record, but said: "However, what is set out in appellant's brief as having been testified at the trial would be amply sufficient to support the verdict of guilty, if contained in a proper bill of exceptions."

An examination of the evidence referred to in this petition and in that opinion shows that appellant was not convicted upon the "uncorroborated" evidence of the prosecutrix, there being testimony by two police officers who arrested appellant and by a police matron that appellant immediately after his arrest confessed to them that he had repeatedly had sexual intercourse with the prosecutrix. The evidence also shows that, at the time of the trial, appellant knew that an examination of the prosecuting witness had been made by Dr. B. G. Dupree, and cross-examined the state's witness regarding the same. The fact of such medical examination, therefore, would not have availed appellant as a ground for an application for a new trial as "new, competent and material evidence" before the appeal, much less as a ground in support of the present petition.

The term "undue liberties" in the mother's affidavit is not by her defined or explained nor does it appear from her affidavit that she knew that sexual intercourse with a female child under the age of twelve regardless of the child's consent constitutes rape under our statute. The affidavit of the prosecutrix admits perjury but does not state how the prosecutrix would testify in the event a new trial were granted.

The petition for a writ of error *coram nobis* is addressed to this court but it will be noted that the affidavits upon which the petition is based ask that a *pardon* be granted, not a new trial, and that in one of the affidavits the prayer is addressed to "the Governor of Indiana and the Pardon Board." Appellant may have sufficient grounds upon which to base an application for executive clemency, but he has not brought himself within the rules stated in

our cases under which writs of error *coram nobis* may be issued. See *Davis* v. *State* (1928), *ante* 88, 161 N. E. 375, and cases there cited.

The petition is denied.