## JACOBY *v.* STATE OF INDIANA.

[No. 26,040.   Filed March 15, 1932.]

*Smith & Parrish, Lee J. Hartzell* and *Levi A. Todd,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was prosecuted by affidavit for the crime of robbery (§2425 Burns Supp. 1929), tried by a jury, and found guilty. He assigns as error the overruling of his motion for a new trial, in which,

among other reasons, he presents the correctness of the court's action in giving and refusing to give certain instructions and in admitting certain evidence over his objection.

The State proved by the prosecuting witness, a collector for a chain of grocery stores, that appellant, with a companion, at 5:50 p. m. on November 4, 1930, in the city of Fort Wayne, held him up with a revolver in his automobile and took from him about $300 which he had collected for his company, as well as $32 of his own money. He told the police the men weighed 140 or 150 pounds and how they were dressed. The police showed him pictures of men at the police station and one picture resembled appellant. The witness was allowed to testify that two weeks later, when he went with police officers to the Indianapolis police station, he saw appellant come up the steps and that he then "turned around . . . and told Mr. Lininger there was the man (who had robbed me) coming up the steps."

A police officer testified he saw appellant in Fort Wayne on the morning of the day of the robbery with two others in a blue coupe, that they looked suspicious and that he noted their automobile license number (which was appellant's number), and that he had also seen him there on October 31. The appellant, who operates a towel and linen supply business in Indianapolis, testified that, on November 4, election day, he was in Indianapolis (all the day and night) ; that he had driven home from Buffalo, New York, through Fort Wayne, and stopped three-quarters of an hour there, the day before (November 3), and that he was in Fort Wayne in October looking the town over as a prospective location for business. He weighs 210 pounds and is six feet tall. Four witnesses, his mother, his uncle, a young lady friend and a filling station attendant testified that

they saw appellant at or near his home in Indianapolis at various times during the evening on which the crime was committed in Fort Wayne.

The admission in evidence of the declarations of the prosecuting witness in the absence of the accused were improper and incompetent. *Shoecraft* v. *State* (1893), 137 Ind. 433, 36 N. E. 1113; *Green* v. *State* (1900), 154 Ind. 655, 57 N. E. 637; *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193; 22 C. J. p. 219, §188. This is not denied in the State's brief, which answers the appellant's point only by stating that objection to the admission of evidence will not be considered on appeal when the evidence is not set out in appellant's brief. We believe a sufficient statement of such evidence is contained in appellant's brief, and in his reply brief he has set out such evidence in full.

As can be seen from the statement of the facts given above the defense relied upon by appellant was his proof of an alibi. He was entitled to have this defense submitted to the jury by a proper instruction which correctly stated the legal effect of the proof of an alibi. The appellant tendered his instruction No. 14 to the effect that, if his proof of an alibi showed him to be away from the place at the time of the happening of the crime, he must be acquitted; that, if he had failed to prove the alibi, it did not follow naturally or conclusively that he must have been at the scene of the crime; that every defendant charged with crime is presumed by law to be innocent, and the burden to prove him guilty beyond a reasonable doubt is upon the State, irrespective of any testimony of the defendant, who is never called upon to prove his innocence. The court refused to give this instruction, but gave two instructions of its own motion upon the subject, which read as follows:

"Court's Instruction No. 2. If the evidence introduced on the part of the defendant to prove an alibi, when considered with all the other evidence in this case, is sufficient to raise in your minds a reasonable doubt of the defendant's guilt, he should be acquitted, though such evidence may fail to account for his whereabouts during all the time the offense was probably committed."

"Court's Instruction No. 3. Evidence has been given on behalf of the defendant to prove that he was not at the place where this crime was committed at the time of its commission. If, after considering all the evidence, you have a reasonable doubt concerning whether he in any manner aided or abetted, hired or procured this crime to be committed, you should give him the benefit of that doubt."

These instructions, considered together, did not fully and fairly instruct the jury as to the effect of the proof of an alibi. The appellant was charged as a principal and not as an accomplice; he was not charged with "hiring or procuring the crime to be committed," and the portion of instruction No. 3 upon that subject was misleading and improper.

The judgment is reversed, with directions to grant appellant's motion for a new trial.