HENDRICKSON *v.* STATE OF INDIANA.

[No. 29,066. Filed April 12, 1954. Rehearing denied
May 25, 1954.]

*Robert D. Ellison* and *Perry W. Cross,* of Shelbyville,
for appellant.

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by amended affidavit in two counts, Count One charging rape under Acts 1941, ch. 148, §3, p. 447, being §10-4201, Burns' 1942 Replacement, and Count Two charging kidnaping under Acts 1929, ch. 154, §1, p. 477, being §10-2901, Burns' 1942 Replacement, tried by jury, found guilty on both counts, and sentenced to the Indiana State Prison for two to twenty-one years on Count One, and for life on Count Two.

The errors upon which appellant relies are not presented in his motion for a new trial, the overruling of which is the only error here assigned. However, appellant asserts that he was denied due process of law and did not have adequate representation by counsel and, as a result thereof, his constitutional rights were so violated that the judgment of the trial court should be reversed regardless of his failure to comply with the settled rules of procedure.

The errors which allegedly affected appellant's constitutional rights are set out in his brief with supporting bill of exceptions.

To support his position appellant relies upon *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848. That case presented a procedural question identical to that with which we are now faced. However, the facts in the Wilson case differ so materially from those in the case at bar that it can be considered as authority only on the question of procedure. Without reciting the factual situation in the Wilson case, it is sufficient to state that not only the conduct of Wilson's attorney, but also the court, was such as to constitute a flagrant violation of appellant's rights. The matters which prompted this court to disregard the established

rules of procedure and decide the questions raised in the Wilson case are not present in the case at bar.

In the case in which we are now asked to set aside and ignore all rules of procedure, appellant was represented by competent counsel of his own choosing, on arraignment, and at all steps of the proceedings. Nine witnesses were called by counsel to testify in appellant's behalf. A motion for a change of venue from the county and from the judge was timely filed, and a change of judge granted. Motion to quash the original affidavit was timely filed by appellant's counsel and sustained by the court. Counsel objected to the introduction of appellant's confessions in evidence and submitted testimony, in the absence of the jury, to support the objections, which were overruled. Numerous objections to the admission of testimony were interposed by counsel for the appellant during the examination of state's witnesses by the prosecuting attorney. Five separate instructions were tendered by appellant's counsel and given by the court as submitted.

There was no interference by the court in this case as in the Wilson case, but on the contrary appellant was given every consideration by the court and the record here discloses that he had a fair and impartial trial, and a just result was reached.

The acts and omissions of appellant's counsel relied upon to establish the alleged inadequacy of counsel are: (1) His failure to object to certain instructions given by the court; (2) his failure to object to certain testimony pertaining to the sanity of appellant; (3) his failure to object to the introduction into evidence of a knife which belonged to appellant; (4) his failure to pursue and obtain a change of venue from the county; (5) his failure to secure a reduction of the bail bond; and (6) his failure to object to an

instruction which contained the word "killing." These charges are, we believe, far short of being sufficient to establish the alleged incompetency of appellant's trial counsel. We fail to see how these alleged acts of omission, in any way, violated appellant's constitutional rights to a fair trial. If these charges constitute error in any degree, they are, at most, honest errors in judgment. When a defendant employs an attorney he places the conduct and management of his defense in that attorney's hands. Frequently, even the best of attorneys make decisions during the course of a trial which later may appear to have been errors in judgment. This is a natural result of the imperfections of man and are circumstances which cannot be avoided and must be expected. We cannot "second guess" a trial attorney and reverse a case simply because some other attorney might, under the attending circumstances, have pursued a different course.

Ample time was allowed appellant to prepare his case for trial, and the record indicates that his trial attorney had made thorough preparation for the trial and presented all the defenses which were available. In our opinion none of his substantial rights were violated and he was accorded every protection guaranteed by the state and federal Constitutions.

A defeated litigant cannot in the usual case where his attorney has inadvertently or mistakenly failed to save and present an error, have it reviewed and made the basis for the reversal of the judgment.

The rules of procedure must usually be observed by litigants and they may not be ignored by the courts. Nothing appears in the record before us which might bring the case at bar within any known exception to this rule.

Appellant has wholly failed to show such a violation of his substantial rights as would bring his case within the rule in *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, *supra.*

Appellant has failed to treat the assigned error in his brief as required by Rule 2-17 of this court. Therefore, all questions raised by the assignment of error are waived and are not before us for consideration. *Jordan* v. *State* (1953), 232 Ind. 265, 110 N. E. 2d 751.; *McGee* v. *State; Radford* v. *State* (1952), 230 Ind. 423, 425, 104 N. E. 2d 726; *Rudd* v. *State* (1952), 231 Ind. 105, 113, 107 N. E. 2d 168.

The judgment of the trial court is, therefore, affirmed.

Judgment affirmed.

Draper, C. J., and Flanagan, J., concur.

Emmert and Gilkison, JJ., not participating.

NOTE.—Reported in 118 N. E. 2d 493.