CARRAWAY *v.* STATE OF INDIANA.

[No. 29,382. Filed December 3, 1956.]

46

*Rufus C. Kuykendall,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ACHOR, C. J.—Appellant was charged by indictment with murder in the second degree. She was tried by jury and convicted of the crime of manslaughter and sentenced to imprisonment for a period of not less than two nor more than 21 years. A motion for new trial was filed and overruled and appellant appeals.

Appellant asserts that the trial court committed error in three particulars: (1) The failure of the court to hear and grant appellant's affidavits for change of venue from the county; (2) that the verdict was not sustained by sufficient evidence and was contrary to law, and (3) that the court erred "in permitting counsel of actual, apparent and obvious incompetence to try said cause and to file a motion for a new trial herein and that, by reason of said incompetence, appellant was

prevented from having a fair and impartial trial."

Our statute which governs appellant's right for a change of venue states as follows:

"When affidavits for a change of venue are founded upon excitement or prejudice in the county against the defendant, the court, in all cases not punishable by death, may, in its discretion, and in all cases punishable by death, shall grant a change of venue to the most convenient county. . . ." §9-1305, Burns' 1956 Repl. (Acts 1905, ch. 169, §207, p. 584.)

Second degree murder is not punishable by death. Under the above statute the granting or refusal of a change of venue from the county is made discretionary with the court, except in cases punishable by death. *Day* v. *State* (1934), 207 Ind. 273, 192 N. E. 433; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892. And it has been held that the overruling of a motion for change of venue will not be disturbed in the absence of a clear abuse of discretion. *Vehling* v. *State* (1935), 210 Ind. 17, 196 N. E. 107.

Upon this issue appellant asserts that there was a clear abuse of discretion in this case for the reason that the motions for change of venue were supported by affidavit and no counter affidavits were filed by the state. However, this fact alone is not sufficient to show an abuse of discretion in refusing to sustain appellant's application for change of venue.

The verified motions for change of venue contained only general conclusions of the "local prejudices" and "certain excitement and agitation" which allegedly existed in the county. The record as a whole discloses nothing to indicate that appellant was, in fact, denied a fair and impartial trial and, in the absence of such showing, this court has held that the ruling on a motion for change of venue, where

discretionary, will not be disturbed upon appeal. *Smith v. State* (1917), 186 Ind. 252, 260, 115 N. E. 943.

Next we consider the sufficiency of the evidence to sustain the verdict. Although we accept as true appellant's statement that appellant had been subjected to unreasonable abuse and provocation by the decedent, nevertheless we are confronted by evidence of the following facts: The body of Willie Carraway, husband of appellant, was found by the police on the sidewalk about 150 feet from their home about 10:30 P.M.; decedent had a mortal stab wound in the upper right side of his chest; appellant, when questioned by the police, stated that she and her husband had been out drinking during the afternoon and that an argument started, became violent, and ended in the stabbing; immediately prior to the fatal injury, decedent was sitting in a chair in the living room arguing with appellant; appellant then went into the kitchen and got a knife and stabbed him. The autopsy disclosed a stab wound in the right upper chest which caused death. While talking to the officers, appellant went into the kitchen and gave the police a knife which she said she used to stab the deceased. The above evidence was sufficient to sustain the conviction.

Finally, we consider appellant's contention that "the court erred in permitting counsel of actual, apparent and obvious incompetence to try the said cause and to file a motion for new trial herein and that, by reason of said incompetence, appellant was prevented from having a fair and impartial trial." However, appellant has not attempted to disclose any particular fact or circumstance from the record which demonstrates the fact that counsel was incompetent to try said cause, nor do we find proof of such incompetency from an examination of the record.

Section 9-1903, Burns' 1956 Replacement provides, in part: ". . . any such cause not disclosed in the record shall be sustained by affidavit. . . ." This appellant has not done.

We conclude, therefore, that appellant has failed to present any question for review as to this alleged error.

Judgment affirmed.

Arterburn, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 299.