BAYS *v.* STATE OF INDIANA.

[No. 29,739.   Filed June 16, 1959.   Rehearing denied
October 10, 1959.]

38

40

*Bernard C. Craig,* of Brazil, for appellant.

*Edwin K. Steers,* Attorney General and *Merl M. Wall,* Assistant Attorney General, for appellee.

ACHOR, C. J.—Appellant was charged by indictment in three counts with (1) Grand Larceny, (2) First Degree Burglary and (3) Auto Banditry. Appellant entered a plea of not guilty to each count of the indictment and filed notice of alibi.

Appellant then filed a motion to suppress and exclude evidence. After hearing, the motion was overruled. Appellant then filed a verified petition for hearing on sanity. The court appointed two doctors and after hearing thereon, the court found appellant sane. Appellant was tried and found guilty on each of said three counts and sentenced accordingly, with sentence to be served concurrently.

Appellant then, by trial counsel of his choice, seasonably filed a motion for a new trial, which was overruled. The motion contained only the following two grounds: (1) that the verdict of the jury is contrary to law; (2) that the verdict of the jury is not sustained by sufficient evidence.

Thereafter, present pauper counsel was appointed for the purpose of prosecuting this appeal.

In his assignment of errors appellant asserts that the court committed error in each of the following: (1) in overruling the motion to suppress evidence; (2) in admitting in evidence testimony of the search and the evidence resulting from the search; (3) in failing to instruct on the issues in its preliminary instructions as required by Rule 1-7a of this court; (4) in failing by its preliminary instruction No. 1 to instruct on the issue of alibi and insanity; (5) by its preliminary instruction No. 1 in limiting the issues to the affidavit and the plea of not guilty thereto; (6) in giving to the jury at the close of all the evidence its instruction No. 1 by omitting the issues of alibi and insanity; (7) in giving to the jury instruction

No. 22 on accessory before the fact; (8) after giving instruction No. 22 on accessory before the fact, in failing to furnish to the jury a form of verdict touching accessory before the fact or instructing them that they could prepare their own verdict; (9) in pronouncing judgment on the verdict of the jury on count No. 2 of the affidavit; (10) in pronouncing judgment on the verdict of the jury on count No. 3 of the affidavit; (11) in overruling defendent's motion for a new trial; (12) that the defendant Bays was not adequately defended in the trial in violation of Art. 1, §13 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States.

Specifications 1 to 10, inclusive, are not proper separate assignments, but should have been assigned as causes in a motion for a new trial. They therefore present no question for consideration of this court and are waived. In fact, under Rule 2-6 of this court the only assignments of error which present any question are (11) the overruling of the motion for new trial and (12) the question of adequacy of counsel.

Rule 2-6 provides:

"If, in the trial court, a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal. Errors which now must be assigned independently may still be so assigned if desired." [Adopted April 17, 1940. Effective September 2, 1940. Amended and effective November 30, 1949.]

Prior to the adoption of the above rule it was

permissible to independently assign many errors in the proceeding which preceded the filing of a motion for new trial. However, the rule as changed requires that, in all proceedings where a trial is had and a motion for new trial is contemplated, such errors shall be specified as a ground for new trial. The chief reason for requiring that such errors be set forth as causes in a motion for new trial is that the trial judge have a chance to review the subject matter complained of and correct the error, if any, by granting the motion for new trial prior to appeal. Flanagan, Wiltrout and Hamilton's, etc., §1814, pp. 391, 392.

We first consider matters raised by the motion for new trial. Appellant does not argue the sufficiency of the evidence to sustain the conviction. Therefore, the sole question reserved by the motion and presented here for review is this: Was the decision contrary to law?

Appellant here contends that the verdict was contrary to law for the reason that counts 2 and 3 of the indictment do not state facts which constitute a criminal offense, and therefore that the verdict which purported to find the appellant guilty of crime based upon such charges, is contrary to law.

We therefore examine the affidavit to determine whether counts 2 and 3 constituted criminal offenses under the laws of this state.

The affidavit in three counts is as follows:

". . . that Otho Bays late of said county, on the 5th day of January in the year of 1958, A.D., at the County and State aforesaid, did then and there unlawfully and feloniously

Count One:
take, steal and carry away of the personal property of one Aleta Butterman, two portable

radios, two Winchester rifles, a .410 gauge shot-gun, a Revere camera and projector, a Poleroid camera, a .38 calibre pistol, and a set of binoculars, all of the total value of $300.00 or more,

Count Two:

break and enter the residence of one Aleta Butterman, same being a place of human habitation, with the intent to commit the felony of larceny therein,

Count Three:

break and enter the residence of one Aleta Butterman, same being a place of human habitation, with the intent to commit the felony of larceny therein, having on or near the premises an automobile by the use of which he made his escape, same being contrary to the form of the Statute in such cases; made and provided against the peace and dignity of the State of Indiana."

As stated by appellant, neither count 2 or 3 state the facts constituting the crime of larceny, which appellant allegedly had "intent to commit." In support of his proposition that the affidavit must specifically allege such facts in order to constitute a crime, appellant relies upon the case of *Pope* v. *State*; *Lewis* v. *State* (1949), 227 Ind. 197, 200, 84 N. E. 2d 887; *Borders* v. *State* (1923), 193 Ind. 477, 478, 141 N. E. 50.

We therefore consider the controlling effect of said cases upon the issues here presented. In the Pope case, *supra*, this court held that in a charge of automobile banditry in which a larceny was allegedly committed, a total absence of any allegation regarding the value of the property made the charge subject to the statutory motion in arrest of judgment.[1] We further held that the defect in the affidavit was not cured by the evidence. Likewise in

1. Section 9-2001, Burns' 1956 Repl., p. 257.

the case of *Borders* v. *State, supra,* this court held an affidavit which charged the accused with unlawful possession of intoxicating liquor, did not charge a criminal offense since mere possession of intoxicating liquor was not a crime under the statute.

This court has stated on numerous occasions that, if an indictment fails to aver material facts constituting the offense attempted to be charged, a motion in arrest of judgment should be sustained. *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117; *Shock* v. *State* (1926), 197 Ind. 680, 151 N. E. 827; *Crumley* v. *State* (1933), 204 Ind. 396, 184 N. E. 533.

In this case however, the issue was quite different in that the felony intended was not committed, neither was a motion to quash or in arrest of judgment filed. These circumstances reduce the question to this: Did counts 2 and 3 of the affidavit in this case charge any offenses whatever or was the conviction based thereon a nullity? Upon this issue appellee asserts that counts 2 and 3 are sufficient (subject possibly to a motion to quash for indefiniteness) to state the offenses charged. In support of this position the state argues that the gist of the offense charged in count 2 is *burglary* —the unlawful breaking and entering, with intent to commit a felony being merely the ulterior motive. Therefore the state reasons that it is sufficient for the information of the defendant in the preparation of his defense and for his protection against double jeopardy that his unlawful *acts* be specifically alleged, and that a general allegation regarding the particular felony intended, but not committed, is sufficient. The state further asserts that the gist of count 3 is the same, with additional allegation that appellant

had an automobile nearby in which he escaped or intended to escape. In such instances the law is clear that it was not necessary to allege the kind or value of the goods intended to be stolen. *Suter* v. *State* (1949), 227 Ind. 648, 653, 88 N. E. 2d 386; *Taylor, Bryant* v. *State* (1956), 235 Ind. 126, 129, 131 N. E. 2d 297; *Bloch* v. *State* (1903), 161 Ind. 276, 68 N. E. 287.

Whether or not it was necessary to allege other facts regarding the goods intended to be stolen has not heretofore been adjudicated in this state. The general rule upon this subject has been stated as follows:

"The constitutional right of the accused to be informed of the nature and cause of the accusation against him requires that every material fact and essential element of the offense be charged with precision and certainty in the indictment or information. [*Brockway* v. *State* (1923), 192 Ind. 656, 138 N. E. 88, 26 A. L. R. 1338.] He has a substantive right to be informed by the indictment or information in simple, understandable language of the crime he is charged with and the *acts* constituting the crime, in sufficient detail to enable him to prepare his defense and to be protected in the event of double jeopardy. [*Robinson* v. *State* (1953), 232 Ind. 396, 12 N. E. 2d 861; *Kain* v. *State* (1954), 234 Ind. 160, 123 N. E. 2d 177, 125 N. E. 2d 436] and to define the issues so that the court will be able to determine what evidence is admissible, and to pronounce judgment. [*Brockway* v. *State, supra.*]" (Our italics.) 4 Wharton's Criminal Law and Procedure, §1762, p. 556.

"In charging burglary a criminal intent must be alleged. The rule is well established, however, that even though in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified. The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be re-

quired in an indictment for the acutal commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson. The word 'felony' is a generic term employed to distinguish certain high crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. The averment that the accused has broken and entered a dwelling house for the purpose of committing a felony fails wholly to apprise him of the specific offense which it is claimed he intended to commit." 9 Am. Jur., *Burglary*, §46, p. 262.

We conclude therefore that while it is necessary to a charge of burglary to allege with particularity the *unlawful acts* which are the gist of the offense charged, it is not necessary that the affidavit state all the elements of the felony ulteriorly intended, as would be necessary if the defendant were charged with that particular felony. Although an indictment for burglary may be objectionable for indefiniteness, it is sufficient to charge an offense if it states with particularity the unlawful acts charged and further designates the particular felony which the accused intended to commit. Counts 2 and 3 of the indictment conformed to this requirement.

Next we consider appellant's contention that he was not adequately defended in the trial, as contemplated by Art. 1, §13 of the Constitution of Indiana and the Fourteenth Amendment to the Constitution of the United States. In support of this contention appellant cites and relies upon the following particulars in which he asserts counsel failed to adequately defend him:

1. Counsel for the defendant did not file a motion to arrest the judgment pronounced on counts 2 and 3 of the affidavit.

2. After the hearing on the motion to suppress

evidence obtained by unlawful arrest and search and seizure, counsel for the defendant did not object to the introduction of the evidence so unlawfully obtained.

3. No objection was made by defendant's counsel to the giving of court's preliminary instruction No. 1 defining the issues, whereby the defense of alibi was excluded during the entire hearing of the evidence, and such counsel did not tender a more complete instruction.

4. The court in its general instruction No. 1 repeated the same instruction (without reference to the issue of alibi) and no objection was made by defendant's counsel to the giving of this instruction, and no more complete instruction was tendered.

5. When the court in its general instruction at the close of the case gave an instruction on alibi, there was no request by the counsel for the defendant, for the court to withdraw from the jury the incomplete and erroneous and misleading instructions.

6. Counsel for the defendant timely objected to the giving of court's instruction No. 22 on accessory before the fact, but lost the benefit of such objection by failing to assign its giving as the reason for a new trial.

We will consider the "failures" of counsel in the order above enumerated in order to determine whether by reason of such failures of counsel appellant was denied a fair trial.

*One*: Although the counts 2 and 3 of the affidavit may have been subject to a motion to quash for indefiniteness, as we have heretofore discussed, the affidavit was sufficient to charge the offenses with which appellant was convicted. Significantly appellant does not contend that because of the indefiniteness of the charge he was prejudiced in preparing his

defense. No prejudice having been shown by reason of the form of the charge on which he was tried, "inadequacy of counsel" is not available to him because of any inaction of counsel with regard to the form of such charge. *Carraway* v. *State* (1956), 236 Ind. 45, 48, 138 N. E. 2d 299; *Groover* v. *State* (1959), 239 Ind. 271, 156 N. E. 2d 307, 311.

*Second*: Appellant asserts that counsel failed to adequately represent appellant, in that he permitted certain exhibits which he contends were obtained through an illegal search and seizure, to be admitted in evidence without objection. The arresting officers had reason to believe a felony had been committed by this defendant, therefore a warrant for his arrest was not necessary.[2] *Johns* v. *State* (1956), 235 Ind. 464, 466, 134 N. E. 2d 552; *Sisk* v. *State* (1953), 232 Ind. 214, 225, 110 N. E. 2d 627, certiorari denied 346 U. S. 838, 74 S. Ct. 60, 98 L. Ed. 360, This search was made pursuant to a lawful arrest and with the consent of the owner and occupant of the premises in which the exhibits were found. An objection by appellant's *counsel would* have been unavailing. *Dafoff* v. *State* (1926), 198 Ind. 701, 704, 153 N. E. 398, 154 N. E. 668; *Speybroeck* v.

---

2. "An officer without a warrant may not arrest a person merely on a suspicion that he has committed an offense, even though the suspected offense be a felony. However, such an arrest may properly be made if the officer has reasonable and probable cause for believing that the person arrested is commiting or has committed a felony." 3 I. L. E., *Arrest and Recognizance*, §4, p. 42.

"The common law governing arrest without a warrant may be briefly stated as follows: . . . With respect to treason or felony, an officer may arrest if he has reasonable belief both in the commission of the crime and in the guilt of the arrested party; . . ." Orfield, Criminal Procedure From Arrest to Appeal, pp. 14-15.

"He (an officer) may arrest any person who he, upon reasonable grounds, believes has committed a felony, even though it afterward appears that no felony was actually perpetrated." 4 Wharton's Criminal Law and Procedure, §1596, p. 244.

State (1926), 198 Ind. 683, 685, 154 N. E. 1; *Snedegar* v. State (1925), 196 Ind. 254, 257, 146 N. E. 849, 147 N. E. 918.

*Third, Fourth and Fifth*: Under these "particulars" appellant generally asserts that the court committed gross error in not stating, and that appellant's counsel committed gross neglect in not requiring the court to state in its instruction No. 1 that alibi was one of the issues upon which the case was to be tried and decided.

It is true that by reason of appellant's notice of alibi the state fixed the time of the offense, and that as a result of this proceeding, the time specified became an essential element of the offense. Therefore a preliminary instruction upon this issue would have been proper. However, mere failure of the court to instruct the jury, by preliminary instruction upon every element of the offense is not reversible error. Neither is failure of counsel to claim for his client every possible legal advantage proof of inadequacy of counsel. The law does not require perfection in representation but only that such representation be with reasonable skill and diligence.[3] In this case, at the conclusion of the evidence, the court properly instructed the jury that alibi was a necessary element to the state's case. Under these circumstances we cannot say that failure of counsel to require a preliminary instruction on the subject of alibi resulted in the denial of a fair trial to the appellant.

*Sixth*: Did failure to assign the giving of the court's instruction No. 22[4] as grounds for new trial evidence

3. *Hendrickson* v. State (1954), 233 Ind. 341, 118 N. E. 2d 493; *Lunce, Reynolds* v. State (1954), 233 Ind. 685, 122 N. E. 2d 5; *Stice* v. State (1950), 228 Ind. 144, 89 N. E. 2d 915.
4. The instruction was as follows:

inadequacy of counsel? Notwithstanding the language contained earlier in *Jacoby* v. *State* (1932), 203 Ind. 321, 180 N. E. 179, the law is now settled that a person may be charged with a crime as a principal and convicted on evidence that he aided in the commission of the crime, *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546, and that in the presence of evidence to support it, an instruction based upon the statute, §9-102, Burns' 1956 Repl., which makes accessories guilty as principals, is proper. *Workman* v. *State* (1939), 216 Ind. 68, 21 N. E. 2d 712, 23 N. E. 2d 419.

In the present case appellant's own testimony that he *drove* the automobile to the place of the burglary, with knowledge that a burglary was intended, provided the basis for the giving of the instruction.

The instruction was proper, and it therefore follows that there could be no failure of counsel by reason of his failure to assign the giving of the instruction as grounds for new trial.

Appellant has not affirmatively shown that by reason of error committed by counsel he was denied a fair trial, as constitutionally guaranteed. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551; *Henderson* v. *State* (1954), 233 Ind. 598, 122 N. E. 2d 340; *Groover* v. *State* (1959), 239 Ind. 271, 156 N. E. 2d 307, *supra*.

Judgment is therefore affirmed.

---

"I instruct you that a statute of the State of Indiana provides as follows:

"Every person who shall aid or abet in the commission of a felony or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principle offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

Arterburn, Bobbitt and Landis, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I dissent from the majority opinion for the following reasons:

1. The search, seizure and arrest were made in this case without any warrant and not on view. The consequent incarceration of the defendant from January 24, 1958, to January 27, 1958, without being charged with the commission of a crime, while technically not before this court due to the failure of trial counsel to properly save the question, is actually before us in that pauper counsel calls the court's attention to the denial of the defendant's constitutional rights in his brief, and the transcript clearly shows such denial. It is my belief that constitutional rights take priority over technical rules, and the flagrant abuse of the defendant's constitutional rights in this case vitiates the entire proceedings. *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386.

2. The facts, as shown by the record, disclose that the officers received information (or a tip) from a Mrs. St. John about two o'clock p.m. on January 24, 1958. Acting thereon the officers went immediately to the abode of the defendant and failing to find anyone at home, they returned to the police station. Sometime after five o'clock p.m., they received word from one of the neighbors that the defendant had returned. Immediately the police returned to defendant's home, arrested him and took him first to the police station and then delivered him into the custody of the Sheriff of Clay County, Indiana, who placed the defendant in jail about ten o'clock p.m. of said day.

3. The further facts shown by the record are that there was a city courtroom 20 to 25 feet from the interrogation room in the police station, an office of a Justice of the Peace just across the street and the office of another Justice of the Peace a block and a half from the City Hall.

4. During the time the officers waited at the police station for the defendant to return to his home, they could easily have obtained a warrant for the arrest of the defendant, a search warrant to search the premises, or both. In any event their actions here were reprehensible for here were men who had taken their solemn oath to support and defend the Constitution of the State of Indiana and of the United States and to enforce the law; yet they deliberately deprived the defendant of one of the most basic rights guaranteed by the Constitution. Constitution of Indiana, Article 1, §11; *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386, *supra*.

If we overlook this violation of the defendant's constitutional rights and approve of the illegal confinement for a period of three days, by the same logic, a person could be held in jail three weeks, three months or three years without a warrant or without being charged with the commission of any crime.

I hold no brief and have no sympathy for criminals, but a denial of basic constitutional rights to the worst of them paves the way for the obliteration of those rights of all of us.

The judgment of the trial court should be reversed, and the cause remanded for a new trial with instructions to suppress the evidence.

NOTE.—Reported in 159 N. E. 2d 393.