STATE OF INDIANA EX REL. BOWIE *v*. DELAWARE CIRCUIT COURT, ETC.

[No. 0-693. Filed September 20, 1967.]

*David Lee Bowie, pro se.*

PER CURIAM.—Relator was convicted of first degree burglary by the Delaware Circuit Court on September 11, 1953 and sentenced to ten to twenty years in prison. Petitioner has been on parole now for more than a year.

On September 15, 1961, relator filed an Application for a Writ of Error Coram Nobis in the trial court. He alleged as error the following:

1. He was given bench trial in the judge's chambers rather than a jury trial in open court,
2. His court appointed trial attorney "did not execute his duties properly",
3. He was only guilty of *third* degree burglary in that he *"did not break"* into the premises.

This application was denied by the trial court on March 20, 1963, after an extensive hearing. On April 25, 1963, relator filed with the trial court an Application for Order Furnishing Transcript and a Verified Petition for Pauper Appeal both of which were denied on May 24, 1963.

On June 27, 1963, Relator filed with the Clerk of this Court a Motion for Leave to File and Proceed in Forma Pauperis, Motion for Waiver of Rules, Verified Petition for Writ of Mandate and Alternative Writ of Mandate. The relator asks in the writ of mandate that this Court compel the trial court to furnish counsel and a transcript for appeal from the order of the trial court denying relator's Application for a Writ of Coram Nobis.

On August 20, 1963, this Court ordered the Public Defender to prosecute a belated appeal on behalf of petitioner or show cause why he should not prosecute such appeal. On September 3, 1963 the relator filed a Petition for Rehearing with the Court which took exception to the order to the Public Defender to prosecute a belated appeal rather than to assist relator with the coram nobis proceedings and alleges a conflict of interest if Public Defender were to represent petitioner on a belated appeal because petitioner intends to use the Public Defender's refusal to assist with the coram nobis as an assignment of error for appeal.

On March 8, 1964, the Public Defender filed with the Clerk of this Court a pleading setting out reasons why he should not assist with a belated motion for new trial or appeal from

denial of writ of error coram nobis. As to relator's complaint that he was not afforded a public jury trial, the Public Defender points out that the transcript shows on page 4 lines 17-24 that defendant waived jury trial. Further the Public Defender found that the trial was held in a "small auxiliary court room adjacent to the main court room of the court" due to remodeling of the court and "that a public trial was held."

As to the relator's complaint that his trial counsel did not execute his duties properly, relator does not allege in any pleading either in this court or the trial court any specific misfeasance on the part of counsel. There is a presumption in favor of competency of trial counsel. *Schmittler* v. *State,* 228 Ind. 450, 93 N. E. 2d 184 (1950). A bare assertion of incompetency is not sufficient to sustain a motion for new trial. *Hendrickson* v. *State,* 233 Ind. 341, 118 N. E. 2d 493 (1954). However the Public Defender in his report filed herein states:

"That the relator further alleged" (in the trial court's hearing on the application for writ of error coram nobis) "that his lawyer was incompetent because he had failed to cross examine any of the state witnesses during the original trial. Relator was represented by Mr. Loren Marsh a competent and capable attorney of Muncie, Indiana, and that the bill of exceptions of the original trial conclusively shows that Mr. Marsh thoroughly cross examined every witness that testified for and on behalf of the state."

The petition is denied.

Jackson, J., concurs in result.